**Robert J. NELSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14344.**

United States Court of Appeals
Ninth Circuit.

Nov. 2, 1954.

Robert J. Nelson, in pro. per.

Laughlin E. Waters, U. S. Atty., Manley J. Bowler, Angus D. McEachen, Louis Lee Abbott, Hiram W. Kwan, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and WALSH, District Judge.

JAMES ALGER FEE, Circuit Judge.

Nelson and Ramsey were jointly indicted on a charge of robbing "a person having lawful charge, control, and custody of mail matter and money of the United States." Title 18 U.S.C. § 2114. The case was tried with a jury, and each defendant was represented by a separate lawyer. Both defendants were convicted. Nelson alone appeals in his own person without counsel.

The defendant Nelson was positively identified in court by a postal clerk, who testified this defendant held up the substation and took government money from her. It was proved she had previously picked him out of a police line-up. She further testified that Nelson was armed at the time of the occurrence. Ramsey, who was found to be his confederate, was identified by a different witness as present in another part of the building, apparently to create a diversion while the hold-up was going on. Neither Ramsey nor Nelson took the stand. The defense consisted of evidence for the purpose of establishing an alibi for each Nelson and Ramsey. This testimony was given by Ann Lopez for Nelson and by Sylvia Ruiz for Ramsey. All four, both defendants and the two women witnesses, were shown by the testimony of one of the latter to have been together at certain times on the night of the robbery. The jury found each defendant guilty nevertheless.

The trial was fair and was not unduly hastened. The trial judge asked an occasional question of some witnesses, but he had a right to do that. A federal judge is not an automaton and has a right to control the course of the trial. The trial judge did not indicate by his questions he thought defendant guilty. If he had done so, it would not have been error prejudicial or otherwise, because proof of guilt was here conclusive. There are only two matters which will be dealt with specifically. First, a police officer related the admissions of Ramsey, which identified Nelson as the one who actually did the robbery. But the trial judge definitely and positively

instructed that this testimony was binding on Ramsey alone and should not be considered in reference to Nelson. This is sufficient. No objection or exception was taken to the course of the trial judge in this regard. Counsel for Nelson stated this admonition was sufficient. No objections or exceptions were taken to the final charge of the judge to the jury.

One of the witnesses for the government testified that the defendant Nelson was armed. He now claims surprise at this testimony. But no motion or objection was made at the time. The testimony that Nelson was armed was given by the person held up. Defendant was not charged by the indictment with putting the custodian's "life in jeopardy," which would carry a much higher penalty. The circumstance was related as one of the details of the robbery. The sentence was imposed within the limits of the portion of the statute under which the indictment was drawn. There was no prejudice.

The evidence was overwhelming and clearly sufficient to sustain the verdict. The motion for acquittal was correctly denied. There was no error.

Affirmed.